IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DEXTER T. WELLS, #K9332**                                                                           **PETITIONER**

**VERSUS**                                                **CIVIL ACTION NO. 1:07CV1153-LG-JMR**

**J. BANKS**                                                                                                  **RESPONDENT**

### REPORT AND RECOMMENDATION

This matter is before this court on the Respondent's Motion [5] to Dismiss Pursuant to § 2244(d). Having considered the Respondent's Motion [5-1], the Petitioner's Response [8-1], along with applicable law, this court finds that the Respondent's Motion [5] is well-taken and should be granted. Accordingly, Wells's petition in the above-captioned action should be dismissed.

### STATEMENT OF THE CASE

Dexter T. Wells ("Wells") was convicted by a jury of aggravated assault (Count I) and murder (Count II) in the Circuit Court of Jackson County. On December 4, 2001, Wells was sentenced to serve 20 years on Count I and Life imprisonment on Count II. *See* Order, Attached as Exhibit "A" to Respondent's Motion [5-2] to Dismiss. Wells appealed the decision to the Mississippi Supreme Court. In a written opinion filed on May 8, 2003, the Mississippi Supreme Court affirmed the conviction. *See Wells v. State*, 849 So.2d 1231 (Miss. 2003), *reh'g. Denied*, August 7, 2003 (Cause No. 2002-KA-00401-SCT) attached as Exhibit "B" to Respondent's Motion to Dismiss § 2244(d). The record does not reflect that Wells filed a writ of certiorari to the United States Supreme Court. Wells filed his Petition for Leave to File Motion for Post-Conviction Relief to the Mississippi Supreme Court between August 2 and August 10, 2006. *See* Petition, Attached as Exhibit "C" to Respondent's Motion [5-3] to Dismiss. The petition

was denied on October 4, 2006.  *See* Order, Attached as Exhibit "D" to Respondent's Motion to Dismiss [5-4].  Wells, proceeding *pro se*, filed his Petition [1-1] for writ of Habeas Corpus on October 22, 2007.

## ANALYSIS

The Respondent argues that Wells's Habeas petition is untimely filed in violation of the one-year statute of limitations provision of the AEDPA.  A petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari."  *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).  The United States Supreme Court Rules state that the *writ* must be timely filed within ninety (90) days after entry of judgment or entry denying discretionary review.  Sup. Ct. R. 13(1).  However, the one-year statute of limitations is subject to tolling for the period when a properly filed motion for post conviction relief is pending in state court.  28 U.S.C. § 2244(d)(2).

Wells appealed his conviction to the Mississippi Supreme Court, where his conviction was affirmed on May 8, 2003.  He had ninety (90) days after this date to pursue *certiorari* in the United States Supreme Court.  When he failed to do so, his conviction became final on November 5, 2003, after the ninety-day deadline ran.  Wells filed his Petition for Leave to File Motion for Post-Conviction Relief  to the Mississippi Supreme Court between August 2 and August 10, 2006, some six-hundred and forty (640) to  six-hundred and forty-six (646) days after the November, 2004 federal habeas deadline.  Accordingly, the tolling provisions of 28 U.S.C. § 2244(d)(2) are inapplicable to the instant case.

Under the mailbox rule, a petitioner's *pro se* federal habeas petition is deemed filed on the date the petitioner delivers the petition to prison officials for mailing to the court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Well's petition was "filed" sometime between the date it was signed on October 5, 2007, and the date it was received and filed in the district court on October 22, 2007. Accordingly, Wells's petition was filed some 1,064 to 1,081 days after the November 5, 2004 filing deadline.

Equitable tolling is only available in rare circumstances. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Those circumstances do not include ignorance of the law or of filing deadlines. *Id*. Furthermore, in *Rashidi*, the Fifth Circuit stated, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

Wells argues that he is entitled to equitable tolling due to his detrimental reliance on his attorney's incorrect advise as to the filing deadlines. While an attorney's intentional deceit can equitably toll the statute, Wells has provided no evidence that his attorney's conduct is anything but negligent. *See Riggs*, 314 F.3d at 799, quoting *United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir. 2002). Wells provided the letters from his, Mr. Bernard Gautier, where Mr. Gautier misinterpreted the statute of limitation as running when the initial claim is filed in federal court or when all state remedies have been exhausted. Mr. Gautier also informs Wells of his inexperience in the federal system and indicates that another attorney should be hired should the Wells choose to pursue remedies in the federal system. While such advice may not be correct, it does not amount to gross negligence or intent to deprive Wells of his rights. The claims in the instant case do not fall within any of the exceptions, and Wells fails to cite any rare or

exceptional circumstances to warrant equitable tolling.

In addition, the burden is on the claimant to prove not only that he was effectively barred from presenting his claims within the statutory period, the burden is also on the claimant to prove that he was actively pursuing his rights. *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). There is no indication from the record that Wells pursued any collateral challenges to his conviction to warrant tolling during the period he is requesting. Wells waited nearly twelve (12) months after the decision was filed in the supreme court before filing his habeas petition. The Fifth Circuit has found a delay of only four (4) months in filing a petition after the ruling in state court to be an unreasonable delay, therefore not warranting equitable tolling. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). The claimant has failed to meet the burden to prove he is entitled to equitable tolling. Accordingly, this Court finds that Wells's Petition should be dismissed with prejudice pursuant to the one-year statute of limitations period imposed by 28 U.S.C. § 2244(d)(1).

Wells also filed a motion for an evidentiary hearing to develop the facts relating to the claims of equitable tolling. This motion was previously denied by Order [] on January 8, 2008. The Fifth Circuit has "repeatedly found that a paper hearing is sufficient to afford a petitioner a full and fair hearing on the factual issues underlying the petitioner's claims." *Clark v. Johnson*, 202 F.3d 760, 766 (5$_{th}$ Cir. 2000). After reviewing both the Petitioner's and Respondent's motions, This Court maintains that there is sufficient information to conduct a "paper hearing" regarding both the timeliness of the Petition [1-1], and whether the Petitioner is entitled to equitable tolling. Accordingly, there is no need for an evidentiary hearing at this juncture, and the previous order denying the evidentiary hearing stands.

**CONCLUSION**

Based on the foregoing analysis, this Court finds that Wells's Petition [1-1] for Writ of Habeas Corpus should be dismissed as time-barred.  Wells's sentence became final on November 5, 2003.  Thereafter, Wells had one year to file a federal petition for a writ of habeas corpus. Wells did not toll the statute through his post-conviction relief filing with the Mississippi Supreme Court between August 2 and August 10, 2006 because the statute had already run at this point.  Wells's habeas petition was filed some 1,064 to 1,081 days after the November 5, 2004 filing deadline. Wells's arguments as to his attorney's negligent actions do not rise to the level of intentional misconduct, therefore he does not qualify for equitable tolling.

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or commit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United States Auto Ass'n,* 79 F.3d 1425 (5th Cir. 1996)

THIS the   15th   day of May, 2008.

s/John M. Roper
CHIEF UNITED STATES MAGISTRATE JUDGE