IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DEXTER T. WELLS** | § | **PETITIONER** |
| | § | |
| **V.** | § | **NO. 1:07cv1153-LG-JMR** |
| | § | |
| **J. BANKS, Warden** | § | **RESPONDENT** |

ORDER ADOPTING REPORT AND
RECOMMENDATION AND GRANTING MOTION TO DISMISS

**BEFORE THE COURT** is the Report and Recommendation [14] of Chief United States Magistrate Judge John M. Roper, Sr., entered in this cause on May 15, 2008, regarding Respondent J. Banks's [5] Motion to Dismiss Pursuant to § 2244(d) Petitioner Dexter T. Wells's Petition for Habeas Corpus [1]. The Magistrate recommends that the petition be dismissed as time-barred. Wells objects and argues that he is entitled to equitable tolling. The Court has conducted a *de novo* review of Wells's objections. The Court is of the opinion that the findings and conclusions of the Chief Magistrate Judge are correct, and the objections are without merit.

FACTS AND PROCEDURAL HISTORY

Wells was convicted of Count I, aggravated assault and Count II, murder, by a Jackson County, Mississippi jury. The Mississippi Supreme Court affirmed Wells's convictions on May 8, 2003, and denied rehearing on August 7. Wells did not file a petition for certiorari to the United States Supreme Court.

On June 8, 2004, Wells's attorney wrote him:

> Your family has contacted me with the message that you are concerned about Federal Habeas Corpus relief and the passage of one year. This is to inform you that you must not file a petition for Federal habeas relief either with an attorney or *pro se* at this time. You have one year from the time your State Post-Conviction Collateral Relief (PCCR) petition is finally denied (if that turns out to be the result) in which to file for the Federal habeas corpus relief. I hope you

> don't have to go that route but in the event that we are unsuccessful in the Mississippi courts you will then have to hire another attorney as I do not go into the Federal courts. In the event you have already filed something in the Federal courts, then the clock has started ticking on your one year and you should immediately begin steps to stop it. Unless I hear from you, I am going to presume that you have not filed and will not file in the Federal courts until your PCCR petition is finally taken care of in Mississippi.

(Gautier Aff. Ex. A). Wells did not file for leave to pursue state post-conviction relief until August, 2006, at which time he proceeded *pro se*. The Mississippi Supreme Court denied the request as untimely, and alternatively found the petition to be without merit on October 5. Wells obtained an affidavit from the above attorney on or about December 22, which attached the above letter concerning the advice on the statute of limitations. The affidavit stated that this was the only advice he had ever given Wells on the statute of limitations. Wells then waited until October of 2007 to file the instant habeas action *pro se*. He attached the attorney's affidavit to his petition and cited it as the reason why he was filing his habeas claim outside of the one-year limitations period.

## DISCUSSION

Wells argues he is entitled to equitable tolling because his attorney misadvised him as to the statute of limitations. Wells asserts that (1) he was entitled to an evidentiary hearing, (2) his attorney did not inform Wells that the attorney "had inexperience in the federal system and that petitioner should hire another attorney if he pursues relief in the federal system," (3) that his attorney was ineffective, (4) Wells filed his petition within the time his attorney advised, (5) Wells was pro se and entitled to habeas counsel, (6) and his attorney intentionally deceived him as to the statute of limitations. (Obj. at 1).

EQUITABLE TOLLING

Whether to apply equitable tolling is within the Court's discretion. *Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002). "To be entitled to equitable tolling, [Wells] must show '(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way' and prevented timely filing," or he was actively misled by the defendant. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Cousin*, 310 F.3d at 848. *Pro se* status by itself does not qualify as an extraordinary circumstance. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).

"Attorney miscalculation [of the limitations period] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence*, 127 S. Ct. at 1085. Thus, "[i]neffective assistance of counsel is irrelevant to the tolling decision." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). On the other hand, intentional misrepresentation by counsel, and petitioner's reasonable detrimental reliance thereon, may qualify as an extraordinary circumstance for equitable tolling purposes. *Wynn*, 292 F.3d at 230-31 (attorney misled petitioner into believing the habeas petition was already filed).

Wells's attorney advised him that the one-year habeas limitations period would not begin to run until the State denied Wells's motion for post-conviction relief. In fact, the one year period began to run ninety days after conclusion of the state's "*direct review*," since Wells did not seek *certiorari* to the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(A) (emphasis added); *Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004).

The undisputed evidence is that Wells's attorney made a miscalculation of the statute of

3

limitations period.  Wells's affidavit states:

> I knew for a fact that I had (3) years to file my PCCR motion in the state courts. Mr. Gautier gave me the impression that after my PCCR was finally ruled on and if not in my favor, I had one year to file in the federal courts for habeas relief. Mr. Gautier or anyone else, ever [sic] informed me that I should be diligent in pursuing my benefits in federal courts.

(Pet'r Aff.).  Wells does not aver that Mr. Gautier's advice was intentionally deceptive.  Mr. Gautier's affidavit, on the other hand, stated that at the time he advised Wells on the statute of limitations, "I believed the advice or opinion contained in them to be correct."  (Gautier Aff.).

Moreover, assuming that Mr. Gautier did intentionally deceive Wells, he is still not entitled to relief, because he was not diligent in pursuing relief.  *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).  It is undisputed that Wells waited three years to file any type of collateral relief.  This is despite the fact that he had conflicting information regarding the statute of limitations.  After the state denied his post-conviction application on October 5, 2006, he obtained his attorney's affidavit, mentioned above, on December 22, 2006.  Wells attached this affidavit to his habeas petition to explain why it was filed outside of the statute of limitations. The habeas petition was not filed until October 5, 2007.  As early as December 2006, then, Wells knew the limitations period had lapsed, and yet he still waited an additional ten months before filing his federal habeas petition.  The Fifth Circuit has held that a delay of only four months between denial of state relief and filing for federal habeas relief is not diligent.  *Id.*  On these facts, Wells did not diligently pursue habeas relief.

Additionally, on these facts, Wells cannot be said to have reasonably relied to his detriment on the incorrect advice past December of 2006.  Even if the Court were to begin equitable tolling on June 8, 2004, when he received the incorrect advice, this tolling would end in

4

December of 2006.  As of June 8, 2004, Wells had five months to file for habeas relief.  When the tolling ends in December of 2006, Wells would then have five months, or until May 2007 to file for relief, which he did not.  Rather, he waited until October.  Wells would still be time-barred even if the Court applied equitable tolling.

Nevertheless, Wells objects to the Magistrate's finding that "the attorney informed him that he had inexperience in the federal system and that petitioner should hire another attorney if he pursues relief in the federal system." (Obj. at 1).  The attorney's first letter to Wells states, "[I]n the event we are unsuccessful in the Mississippi courts you will then have to hire another attorney as I do not go into the Federal courts." (Gautier Aff. Ex. A).  The letter informs Wells that the attorney does not have experience in federal courts, and Wells would have to hire another attorney for his federal habeas petition.

Finally, Wells takes issue with the fact that the Magistrate did not cite to *Helton v. Singletary*, 85 F. Supp. 2d 1323 (S.D. Fla. 1999) (finding attorney's miscalculation of limitations period warranted equitable tolling).  This case was reversed by the Eleventh Circuit Court of Appeals.  *Helton v. Sec'y for the Dep't of Corr.*, 259 F.3d 1310 (11th Cir. 2001).  Moreover, the United States Supreme Court has since held that attorney miscalculation does not warrant equitable tolling.  *Lawrence*, 127 S. Ct. at 1085.  The Magistrate Judge correctly concluded that Wells's petition is time-barred.

<u>EVIDENTIARY HEARING</u>

The Court now examines whether Wells was entitled to an evidentiary hearing to develop facts regarding his equitable tolling argument.  Where there is a factual dispute which, if resolved in petitioner's favor, would entitle him to relief, and the state has not afforded petitioner a full

5

and fair hearing, a federal habeas corpus petitioner is entitled to discovery and an evidentiary hearing. *Clark v. Johnson*, 202 F.2d 760, 766 (5th Cir. 2000). This rule applies even when the factual dispute concerns procedural default. *Vineyard v. Dretke*, 125 Fed. Appx. 551, 554 (5th Cir. 2005).

For example, in *Wynn*, the Fifth Circuit remanded for an evidentiary hearing on whether Wynn's collateral counsel intentionally misled him into believing his habeas petition was already filed and whether Wynn reasonably relied on that representation to his detriment. *Wynn*, 292 F.3d at 230-31. Relying on *Clark* and *Wynn*, the Fifth Circuit remanded for an evidentiary hearing again in *Vineyard*, 125 Fed. Appx. at 554. Vineyard and his habeas counsel had presented conflicting evidence as to whether the attorney intentionally misled Vineyard into believing that his habeas petition was already filed. *Id.* at 552-53. The district court discredited, without a hearing, Vineyard's evidence. *Id.* at 553. The Fifth Circuit remanded for an evidentiary hearing, because there was disputed evidence. *Id.* at 553-54.

*Vineyard* is instructive here. In the instant case, the only evidence is an affidavit from Wells and an affidavit with attached letters from his prior attorney. Wells does not present an unsworn declaration under 28 U.S.C. Section 1746. *Cf. Vineyard*, 125 Fed. Appx. at 553. As previously discussed, the only evidence regarding the attorney's state of mind in rendering the advice was that he believed it to be correct advice when he rendered it. In the absence of a factual dispute, Wells is not entitled to discovery or a hearing.

Furthermore, even if the attorney intentionally deceived Wells, this fact would not entitle Wells to relief. This is because Wells was not diligent in seeking relief, and did not reasonably rely past December of 2006 on this earlier advice of counsel. Equitable tolling, then, would not

6

save Wells's petition from the statute of limitations.

After a *de novo* review, the Court finds that the Magistrate correctly recommended that Wells was not entitled to an evidentiary hearing and that his petition is time-barred. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Report and Recommendation [14] of Chief United States Magistrate Judge John M. Roper, Sr., entered on May 15, 2008, be, and the same hereby is, adopted as the findings of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Respondent's [5] Motion to Dismiss is **GRANTED**. Petitioner Dexter T. Wells's [1] Petition for Habeas Corpus is **DISMISSED**. A separate judgment will be entered herein in accordance with this Order as required by FED. R. CIV. P. 58.

**SO ORDERED AND ADJUDGED** this the 10th day of July, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE